## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EBONY CLINTON-BROWN and TODD BROWN<br><br>    Plaintiffs,<br><br>v.<br><br>HELENE L. HARDICK and JOHN HARDICK, individually and as TRUSTEES of the HELENE L. HARDICK LIVING TRUST<br><br>    Defendants. | CIVIL ACTION NO.: |

## COMPLAINT AND JURY DEMAND

1.  Plaintiffs Ebony Clinton-Brown and Todd Brown, through undersigned counsel, respectfully submits this Complaint against Defendants Helene L. Hardick and John Hardick, individually and as Trustees of the Helene L. Hardick Living Trust for violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq*.; 42 U.S.C. § 3604; Rhode Island General Laws, §§ 34-37-1, *et seq*; and other laws as a result of their discriminatory conduct in preventing Mrs. Clinton-Brown and Mr. Brown from purchasing the single family home located at 4 Gounod Road, Westerly, Rhode Island and the adjacent undeveloped lot located at 5 Wagner Road, Westerly, Rhode Island (hereinafter, "the home" or "property") due to Mrs. Clinton-Brown's race and color of her skin.

### JURISDICTION

2.  This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3613.

## VENUE

3. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b)(2) in that injuries, damages, and impact of the acts of overt racial discrimination that are substantial parts of the events giving rise to the claims herein, occurred in Massachusetts.

## PARTIES

4. Todd Brown and Ebony Clinton-Brown are residents of the Commonwealth of Massachusetts.

5. Helene L. Hardick and John Hardick are residents of the State of Florida.

6. The Helene L. Hardick Living Trust, dated April 3, 2000, as amended and restated May 20, 2014, is a trust formed under the laws of Florida and appoints Helene L. Hardick and John Hardick as Trustees.

## FACTUAL BACKGROUND

7. The subject property was first listed for sale by Helene and John Hardick ("the Hardicks") through their broker, Randall Realtors in October of 2017.

8. On or about May 24, 2020, realtor J. Denise Fusaro of Randall Realtors, arranged for the property to be shown to Mr. and Mrs. Brown (the "Browns") as potential buyers. On the same day, a second showing was also arranged to show the home to a separate couple potentially interested in purchasing the property.

9. On or about May 24, 2020, immediately after touring the property, the Browns, through their broker Anthony Lemme of Weichert Realtors-Cress & Company, submitted a bona fide offer to purchase the property for a price of $550,000.

10. Through information and belief, the Browns aver that the second couple also made an offer to purchase on May 24, 2020.

11. On or about May 25, 2020, Ms. Fusaro verbally communicated both offers to Mr. and Mrs. Hardick (the "Hardicks").

12. During the relevant time period, the property was listed for sale at a purchase price of $569,000.

13. Upon information and belief, since purchasing the property in 2009, the Hardicks have advertised in, and rented the home to, residents of Massachusetts, Rhode Island, Connecticut.

14. Upon receipt of the Browns' initial offer, the Hardicks directed Ms. Fusaro to deliver a counter-offer to both the Browns and the potential second buyer, and offered to sell the property pursuant to the following conditions: purchase price of $569,000 with accompanying specific contingencies, to wit: a required deposit of $25,000, and an agreement to close on the property on or before, July 15, 2020.

15. On or about May 25, 2020 at the Hardicks' direction, Ms. Fusaro contacted the Browns' broker, Mr. Lemme, and outlined the details of the counter-offer.

16. On or about May 25, 2020, the Browns unconditionally accepted the counter-offer, agreeing to purchase the property at the full listing price of $569,000 and agreed to the Hardicks' contingencies as to the initial deposit and closing date.

17. Because a binding sequence of offer being made and accepted, both parties understood that an agreement was reached, and that the Hardicks' objective intent was to sell the property to the Browns for the agreed upon terms and price.

18. Ms. Fusaro informed the Hardicks that the Browns accepted the Hardicks' counteroffer and requested and received the Hardicks' approval and consent for the Browns to draft a Purchase and Sales Agreement ("PSA") memorializing the binding oral agreement.

19. On or about May 25, 2020, a proposed PSA was executed by the Browns and was sent by Mr. Lemme to Ms. Fusaro.

20. The PSA contained all terms agreed upon by the Hardicks, thereby fully conforming with the contract to purchase.

21. A copy of the PSA signed by the Browns was forwarded by Ms. Fusaro to the Hardicks for their review and signature.

22. Notably, upon information and belief, receipt of the PSA represented the first time the names of the buyers (Todd Brown and Ebony-Clinton Brown) was made known to the Hardicks.

23. On or about the evening of May 25, 2020, Mrs. Hardick called Ms. Fusaro to discuss the PSA.

24. Initially, Mrs. Hardick noted that her name ("Helene") was incorrectly spelled as "Helen" in the PSA. Ms. Fusaro advised Mrs. Hardick that this was a typographical error which was easily corrected.

25. Mrs. Hardick then asked Ms. Fusaro if one of the buyers was "black," due to the buyer's first name, "Ebony." Ms. Fusaro responded "yes."

26. Upon learning of the race of Mrs. Brown, Mrs. Hardick stated to Ms. Fusaro that she refused to sell the property to an African American and was backing out of the deal.  **[See Affidavit of J. Denise Fusaro, attached as EXHIBIT A.]**

27. The following day, on or about May 26, 2020, the Hardicks sent a text message to Ms. Fusaro purporting to withdraw the listing, and thereafter, upon receipt of an executed withdrawal of Listing Form signed by the Hardicks, Randall Realtors delisted the property.

28. Through information and belief, and subsequent to the events described by the above, the Hardicks now aver that the property is no longer available. The Browns allege that this is untrue and is a further act of discrimination based on race.

## COUNT I
## VIOLATIONS OF THE FAIR HOUSING ACT 42 U.S.C. § 3604(a)

29. Plaintiffs reallege and incorporates by reference the allegations set forth in paragraphs 1 thorough 28 as if fully set forth herein.

30. By the actions set forth above, the Hardicks discriminated against the Browns on the basis of race and in violation of the Fair Housing Act by refusing to continue to negotiate for the sale of the property because of the race of Ebony Clinton-Brown and the color of her skin.

31. By the actions set forth above, the Hardicks discriminated against the Browns on the basis of race and in violation of the Fair Housing Act by refusing to sell to them the property after the Browns made a bona fide offer because of the race of Ebony Clinton-Brown and the color of her skin.

32. By the actions set forth above, the Hardicks discriminated against the Browns on the basis of race and in violation of the Fair Housing Act by denying the available property to the Browns because of the race of Ebony Clinton-Brown and the color of her skin.

33. The Hardicks acted intentionally, willfully, and in disregard for the rights of the Browns.

34. As a result of the discriminatory conduct of the Hardicks, individually and as Trustees, the Browns have suffered damages, including a lost housing opportunity, inconvenience, mental anguish, and emotional distress. The Browns are aggrieved persons withing the meaning of the Fair Housing Act.

WHEREFORE the Browns demand judgment and damages, compensatory and punitive, against the Hardicks, individually and as Trustees, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

## COUNT II
### VIOLATIONS OF THE FAIR HOUSING ACT 42 U.S.C. § 3604(b)

35. Plaintiffs reallege and incorporates by reference the allegations set forth in paragraphs 1 thorough 34 as if fully set forth herein.

36. By the actions set forth above, the Hardicks discriminated against the Browns on the basis of race and in violation of the Fair Housing Act by refusing to sell the property to the Browns because of the race of Ebony Clinton-Brown and the color of her skin.

37. The Hardicks acted intentionally, willfully, and in disregard for the rights of the Browns.

38. As a result of the discriminatory conduct of the Hardicks, individually and as Trustees, the Browns have suffered damages, including a lost housing opportunity, inconvenience, mental anguish, and emotional distress. The Browns are aggrieved persons withing the meaning of the Fair Housing Act.

WHEREFORE the Browns demand judgment and damages, compensatory and punitive, against the Hardicks, individually and as Trustees, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

## COUNT III
### VIOLATIONS OF THE FAIR HOUSING ACT 42 U.S.C. § 3604(d)

39. Plaintiffs reallege and incorporates by reference the allegations set forth in paragraphs 1 thorough 38 as if fully set forth herein.

40. By the actions set forth above, the Hardicks discriminated against the Browns on the basis of race and in violation of the Fair Housing Act by alleging that the property suddenly became unavailable where the facts and events show this to be untrue.

41. The Hardicks acted intentionally, willfully, and in disregard for the rights of the Browns.

42. As a result of the discriminatory conduct of the Hardicks, individually and as Trustees, the Browns have suffered damages, including a lost housing opportunity, inconvenience, mental anguish, and emotional distress. The Browns are aggrieved persons withing the meaning of the Fair Housing Act.

WHEREFORE the Browns demand judgment and damages, compensatory and punitive, against the Hardicks, individually and as Trustees, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

## COUNT IV
## VIOLATIONS OF RHODE ISLAND FAIR HOUSING PRACTICES ACT
## RHODE ISLAND GENERAL LAWS, §§ 34-37-1, 34-37-4

43. Plaintiffs reallege and incorporates by reference the allegations set forth in paragraphs 1 thorough 42 as if fully set forth herein.

44. By the actions set forth above, the Hardicks discriminated against the Browns on the basis of race and in violation of the Rhode Island Fair Housing Practices Act by making an inquiry as to the race and skin color of Ebony Clinton-Brown.

45. The Hardicks acted intentionally, willfully, and in disregard for the rights of the Browns.

46. By the actions set forth above, the Hardicks discriminated against the Browns on the basis of race and in violation of the Rhode Island Fair Housing Practices Act by refusing to

negotiate for the sale of the property because of the race of Ebony Clinton-Brown and the color of her skin.

47. By the actions set forth above, the Hardicks discriminated against the Browns on the basis of race and in violation of the Rhode Island Fair Housing Practices Act by refusing to sell the property to the Browns because of the race and skin color of Ebony Clinton-Brown.

48. By the actions set forth above, the Hardicks discriminated against the Browns on the basis of race and in violation of the Rhode Island Fair Housing Practices Act by telling the Browns the property was unavailable, when facts and events show this to be untrue.

49. As a result of the discriminatory conduct of the Hardicks, individually and as Trustees, the Browns have suffered damages, including a lost housing opportunity, inconvenience, mental anguish, and emotional distress. The Browns are aggrieved persons withing the meaning of the Fair Housing Act.

WHEREFORE the Browns demand judgment and damages, compensatory and punitive, against the Hardicks, individually and as Trustees, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

## PRAYER FOR RELIEF

WHEREFORE the Browns demand judgment and damages, compensatory and punitive, against the Hardicks, individually and as Trustees, plus interest, costs, and whatever other further relief this Honorable Court deems right and just and respectfully requests that the Court enter an order:

    a) Declaring that defendants' discriminatory practices, as set forth herein, constitute violations of the Fair Housing Act

b) Declaring that defendants' discriminatory practices, as set forth herein, constitute violations of the Rhode Island Fair Housing Practices Act;

c) Awarding money damages and punitive damages to the Browns, pursuant to the Fair Housing Act and Rhode Island Fair Housing Practices Act;

d) Awarding reasonable counsel fees to the Browns, pursuant to the Fair Housing Act, and Rhode Island Fair Housing Practices Act;

e) Awarding such additional relief as the interests of justice and equity may require.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the Browns demand trial by jury in this action of all issues so triable.

Respectfully submitted,
Ebony Clinton-Brown and Todd Brown
By their Attorneys,

/s/ Michael D. Simons
Michael D. Simons, B.B.O. #565027
John M. Dupuis, B.B.O. #673489
CMBG3 Law LLC
265 Franklin Street, 6th Floor
Boston, MA 02110
617-279-8200
msimons@cmbg3.com
jdupuis@cmbg3.com

DATED: 9/15/2020